CRAWFORD'S CLOTHES, INC., PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE CITY OF NEWARK ET AL., DEFENDANTS.

Submitted October 5, 1943—Decided January 5, 1944.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Harry Green*.

For the defendants, *Raymond Schroeder* and *Louis A. Fast*.

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up an ordinance of the City of Newark and the judgment of conviction of prosecutor for a violation of said ordinance.

The pertinent portion of the ordinance reads:

"1. That no person, persons, corporation or corporations may keep open for business or conduct or cause to be conducted for business, any retail store or retail business establishment after 6 P. M. on Tuesday and Thursday of each week, except for that period between Easter and two weeks before Easter and between December 1st and January 1st of each year and except when Tuesday or Thursday shall follow a legal holiday. Restaurants, taverns, drugstores, delicatessen stores, liquor stores, gasoline stations, lending libraries, private schools, movie houses and theatres are exempt from this ordinance."

The ordinance is attacked upon several grounds but we deem it necessary to deal with only one because we are of the opinion that the ordinance is clearly discriminatory. We

see no basis in law or in the evidence presented in this case for the distinction made in the exemptions from the operation of the ordinance above enumerated. It is not pointed out why it is proper to prohibit the sale of clothing and permit the sale of stationery supplies, to prohibit the sale of shoes and permit the sale of gasoline, to prohibit the sale of hats and permit the sale of liquor. The distinction sought to be made is arbitrary and clearly discriminatory.

From the evidence presented it would appear that the ordinance is discriminatory in another respect, in that it is testified that some of the stores permitted to remain open on Tuesday and Thursday evenings sell some of the same articles as those required to close. A merchant thus finds himself discriminated against in favor of a competitor.

The case of *Spiro Drug Service, Inc.,* v. *Union City,* 130 *N. J. L.* 1, is not in point. The ordinance there regulated the closing hours of drug stores only. Those stores, by reason of the fact that they compound prescriptions and deal in drugs, the incorrect handling of which might have serious effects, are involved with the public safety and subject to special regulation. There was no discrimination between stores in that case. Discrimination is a fatal defect in an ordinance. *Siciliano* v. *Neptune,* 83 *Id.* 158.

The conviction is set aside and the ordinance is declared to be invalid, with costs.