RAWLINS *et al. v.* BRASWELL *et al.*

(*Nashville,* December Term, 1949.)

Opinion filed July 15, 1950.

EDWARD SEDDON, of Murfreesboro, for appellants.

EWING SMITH, of Murfreesboro, for appellees.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal presents a controversy over the construction and application of certain zoning ordinances of Murfreesboro, Tennessee. Under their construction of

these ordinances, the Complainants seek to enjoin the Defendants from using certain property in Murfreesboro as a filling station. The Chancellor heard the case on bill, answer and a stipulation, and entered a final decree dismissing the bill. From this decree the Complainants have perfected this appeal.

The Defendants owned the lot on the southwest corner of the intersection of North Spring and East College street in Murfreesboro, and proposed to lease their property to an oil company for use as a filling station. The Complainants owned, or represent the owners, of the property on the other corners of the intersection and nearby, and by their bill seek to prevent the contemplated use.

To support their contention, the Complainants invoke an ordinance of the City passed in 1928, and styled: "An Ordinance prohibiting oil, gasoline or filling stations and public garages and abattoirs from being located near residences in certain parts of the City of Murfreesboro, Tennessee."

The constitutionality and validity of this ordinance was upheld in *McKelley* v. *City of Murfreesboro,* 162 Tenn. 304, 36 S. W. (2d) 99, and its provisions are there considered. The property of the Defendants is within the district defined by the 1928 ordinance, and the contemplated use as a filling station is prohibited by that ordinance.

To support the proposed use of their property, the Defendants rely on an ordinance passed by the City in 1948, which, under authority of the General Act of 1935, c. 117, undertakes to enact a complete zoning code for the purpose of the ordinance, is divided into seven districts, with permitted uses carefully defined and limited.

The purpose and scope of the 1948 ordinance is thus stated:

"The zoning regulations and districts as herein set forth have been made in accordance with a comprehensive plan for the purpose of promoting the public health, safety, morals, convenience, order, prosperity, and general welfare of the community. They have been designed to lessen congestion in the streets, to secure safety from fire, panic and other dangers, to provide adequate light and air, to prevent the over-crowding of land, to avoid undue concentration of population, to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements. They have been made with reasonable consideration, among other things, as to the character of each district and its peculiar suitability for particular uses, and with a view of conserving the value of buildings and encouraging the most appropriate use of land throughout the city."

There was no express repeal of the ordinance of 1928 by the general ordinance of 1948, but the latter provided:

"Art. XIII, Section 1. Conflict with Other Ordinances.—In case of conflict between this ordinance or any part thereof, and the whole or part of any existing or future ordinance of the City of Murfreesboro, the most restrictive shall in all cases apply.

"Section 2. Validity.—If any section, clause, provision, or portion of this ordinance shall be held to be invalid or unconstitutional by any court of competent jurisdiction, such holding shall not affect any other section, clause, provision, or portion of this ordinance which is not of itself invalid or unconstitutional."

In their construction of Art. XIII, Section 1, above, Complainants insist that since the ordinance of 1928 is

more restricted, that it shall be applied rather than the ordinance of 1948.

██ ██ As stated, the property of the Defendants is covered by the 1928 ordinance, and it falls in Zone B-2, the "Central Business" District of the ordinance of 1940. However, the property covered by the ordinance of 1928, forms only a part of the "Central Business" District of the ordinance of 1948, so that if the ordinance of 1928 be enforced, use of property for filling stations will be prohibited in part and permitted in part, of the "Central Business" District. The Chancellor, accordingly, held that this construction would impose an unjust and illegal discrimination against a part of the property owners in the "Central Business" District, and would pro tanto defeat the purpose of the general zoning code of 1948. After writing a very thorough and careful opinion which has come up with the record and been of great help to this Court, the Chancellor elided Section 13-(1) as invalid by applying Section 13-(2), the "general saving and rescue clause." Since any other construction would be obviously arbitrary, unreasonable, and discriminatory, we think the Chancellor was eminently correct. Therefore, we cannot do better than to adopt the following part of his opinion:

"Although the municipality has a right to classify business, in so doing, it will not be permitted to make an arbitrary distinction between different kinds and classes of business where the conditions are similar. A classification in a municipal ordinance must be based on natural distinguishing characteristics and must bear a reasonable relation to the subject of legislation, must be founded upon distinctions reasonable in principle and have a just relation to the subject sought to be ac-

complished, and must be based upon substantial difference between the situation of such class or classes of other individuals or classes to which it does not apply. 37 Am. Jur., p. 776.

"From this record it appears that the planning commission zoned the entire City of Murfreesboro as shown by the plat; that this report of the planning commission and plat divided the entire city into separate zones and classified them as set out in Art. V, Section 1, and if the City Council intended by Section 1 of Art. XIII to preserve the ordinance of 1928, it is clearly discriminated against property-owners in District B-2, as shown on the plat.

"This is true, because it appears from this record that the planning commission, in laying off the City of Murfreesboro into seven distinct and separate zones or districts, determined the character of business that should be and should not be carried on in said districts.

"In District B-2, the planning commission and the City Council determined the character of business that should be conducted in this district and this meant anywhere in the district that a permit might be granted for the construction of any type of building and for any type of business. Every property owner in B-2 District was treated alike and given the right by this ordinance to build a filling station on his or her property, upon complying with the rules and regulations prescribed.

"This classification being expressly made, it is difficult to see how it could be made discriminatory as to any part of the property contained in District B-2 by Section 1 of Art. XIII. To permit the revival of the ordinance of 1928 would be an arbitrary distinction between different kinds and classes of business where the conditions are similar . . . .

"In case two constructions of the ordinance are possible, the one will be adopted which will uphold the ordinance rather than the one which will defeat it, and it is the duty of the Court to adopt the construction which will uphold this ordinance of 1948.

"The provision (Section 1, Art. XIII) however, is separable, and it may fairly be presumed that the municipal council would have enacted all of the other portions of the ordinance without this one provision. Therefore, the whole ordinance will not be declared void because of the invalidity of a part, especially in view of Section 2, Art. XIII, which is a saving provision.

"The paramount intention of the City Council was to pass a zoning ordinance, and not to revitalize and revive the ordinance of 1928, which was repealed by implication.

"When the Court can grant the paramount intention of the legislative action, such intention will be given effect, although there exist some apparent obstacles. Section 1, of Art. XIII is therefore, elided. *Bell* v. *Town of Pulaski,* 182 Tenn. 136 [184 S. W. (2d) 384]; [Corporation of] *Sevierville* v. *King,* 182 Tenn., 143 [184 S. W. (2) 381]; and authorities cited."

The assignments of error are overruled and the Chancellor's decree in all respects, affirmed.

All concur.