MARIE'S LAUNDERETTE, INC., A CORPORATION OF THE STATE OF NEW JERSEY, *ET AL.*, PLAINTIFFS, v. THE CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND LEO F. CARLIN, MAYOR, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided December 4, 1954.

*Messrs. Gilhooly, Yauch & Fagan (Mr. John H. Yauch, Jr.,* and *Mr. Robert A. McKinley* appearing), attorneys for the plaintiffs.

*Mr. Vincent P. Torppey,* Corporation Council of the City of Newark (*Mr. Joseph A. Ward* appearing), attorney for the defendants.

DANIEL J. BRENNAN, J. S. C.    This is a proceeding in lieu of prerogative writs.

The plaintiffs in this action are engaged in the automatic laundry business in various locations in the City of Newark, their places of business being within the second and third business districts, as well as in the fourth residential district in said city.  This business is referred to by the public as a launderette or laundromat.

On June 9, 1954 the defendant City of Newark adopted a new zoning ordinance, effective July 1, 1954, being now chapter 36, Zoning, of the *Revised Ordinances of the City of Newark.*  Section 1, sub-paragraph 25, of the Zoning Ordinance of the City of Newark (*Revised Ordinances of*

*the City of Newark, section* 36.1, *sub-paragraph* 25) defines a launderette as follows:

"25. Launderette. Also described as automatic wet wash business. An establishment only for the washing and drying of clothing brought in by the customer and in which such washing and drying is performed with the use of mechanical equipment, and for which a fee is charged. No pick up or delivery by the management or others in connection therewith is permitted."

Launderettes, as defined, are permitted, under the ordinance, in first business districts. An examination of the map annexed to the zoning ordinance shows that first business districts adjoin residential districts, as a rule. Laundries, as such, are prohibited in first, second and third business districts, but are permitted in fourth business districts. The zoning ordinance classifies launderettes, as defined therein, with hand laundries and classifies them separately from laundries. *Vide* zoning ordinance, *supra*, sections 36.7 and 36.8.

The plaintiffs were, prior to July 1, 1954 and subsequent to that date, engaged in the launderette business as the same is so defined by the ordinance, *supra*. Plaintiffs Marie's Launderette, Inc., Rapid Launderers and Louis Eisen, trading as Launderer E. Z., were prior to the enactment of the new zoning ordinance doing business in a second business zone. Under the new zoning ordinance the location in which they are continuing to do business is also classified as a second business zone. Plaintiffs James and Lucille Williams, partners trading as Serv-U-Launderette, were formerly conducting their business in a second business zone, whereas this zone is now classified as a third business zone. Plaintiff Saul Kron, trading as Kron's Laundry-Ette, formerly did business in a third residential zone, which zone is now classified as a fourth residential zone. These several plaintiffs seek the judgment of this court adjudging and determining that section One, sub-paragraph 25, of the Zoning Ordinance of the City of Newark (*Revised Ordinances of the City of Newark, section* 36.1, *sub-paragraph*

25) constitutes an arbitrary exercise of power and is ineffectual as a bar to the rights of plaintiffs to effect pick-up and delivery service; that the application of the ordinance, as it defines launderettes and prohibits pick-up and delivery service, is unreasonable and discriminatory and is void and of no force and effect. Plaintiffs further assert that this provision is also unconstitutional. Plaintiffs bring this present action to set aside the section of the zoning ordinance above referred to relating to "launderette."

It appears that the plaintiffs presently operate under licenses from the City of Newark as a launderette, the licenses having been issued pursuant to an ordinance of the City of Newark entitled "An Ordinance Regulating and Licensing Laundries, Launderettes, Cleaning and Dyeing Establishments and Installations in the City of Newark," adopted January 29, 1947, and amendments thereof.

The defendants contend that this section of the ordinance here under consideration does not constitute an unreasonable exercise of police power; that it does not violate any provision of the Constitutions of the United States or of the State of New Jersey; that this section does not violate any basic rights of private property. In the instant case it is claimed by the defendants that the regulation in the ordinance is to promote the general welfare and to limit the size and scope of the business of a launderette in certain districts in which automatic machine laundries are permitted.

Prior to the hearing of this matter by this court, an order was entered in this cause "that the defendants, City of Newark and Leo P. Carlin, Mayor, and their agents and servants, are hereby commanded and enjoined from enforcing Section One, Sub-paragraph 25 of the Zoning Ordinance of the City of Newark so far as the same prohibits pick-up and delivery service by launderettes until further order of this Court." This injunction is in effect presently.

The facts in the case *sub judice* do not appear to be in dispute. The question submitted for determination is rather one of law. The pretrial order indicates that the proceeding

here instituted in behalf of the plaintiffs is to set aside the *entire* cited section of the ordinance. However, a reading of the brief submitted by counsel for the plaintiffs reveals that "Plaintiffs' Complaint is limited to the concluding sentence of the above definition concerning the prohibition as to pick-up and delivery." In his brief counsel for plaintiffs also indicates that "plaintiffs further rely upon their pleadings concerning the questions in (*sic*) fact."

Pursuant to the tenor of *R. R.* 4:29–1, *subsection* (*a*) (1) thereof, this court will consider the issues to be here litigated as stated in the pretrial conference procedure and as recited in the order specifying the action taken at the hearing, rather than as limited by plaintiffs' counsel in his brief.

The word "launderette" is of recent origin. It has received judicial consideration in *Packer v. Board of Standards and Appeals,* 62 *N. Y. S. 2d* 54 (*Sup. Ct.* 1946), 56, affirmed 271 *App. Div.* 874, 66 *N. Y. S. 2d* 634 (*App. Div.* 1946), wherein Justice Shientag in substance indicated that a launderette is a self-service store in which coin-metered automatically controlled washing machines are rented to such residents of a neighborhood who may want to use those facilities to launder their own clothes. The court further stated that "The operation does not require the use of any large machinery, evil-smelling chemicals, large vats, chimney or boiler flues, a large labor force, nor are there any wagons or trucks depositing or removing bundles of clothing." It is urged by the defendants that the ordinance classifies launderettes, as defined therein, with hand laundries and classified them separately from laundries. It is further contended that (a) pick-up and delivery is not usual or essential to the conduct of a "launderette," and (b) the local ordinance makes adequate provision for a self-service laundry for neighborhood requirements, with no pick-up or delivery by the management or others in connection therewith.

A municipality may not, under the guise of protecting the public interests, arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon

lawful occupations. *Cf. Lawton v. Steele,* 152 *U. S.* 133, 137, 14 *S. Ct.* 499, 38 *L. Ed.* 385. The motives of the City of Newark in enacting the ordinance cannot be inquired into for the purpose of determining the validity of that law. This court is not impressed with the argument addressed directly to the "pick-up and delivery" phase of the section as being discriminatory and an unreasonable interference with the freedom of trade beyond any necessities of the case and that it is without the legitimate field of reasonable regulation.

There is a presumption that the ordinance is reasonable and the burden is upon the plaintiffs to establish the contrary. *Berdan v. City of Paterson,* 1 *N. J.* 199 (1948).

The restriction imposed by the ordinance on this single entity, *i. e.,* the pick-up and delivery feature of the launderette business, may not have any remote relationship to public health, welfare or morals. However courts, in determining whether municipal ordinances are reasonable and valid, avoid substituting their opinion for that of municipal legislative bodies. A municipal ordinance may be sustained even though it may be fairly debatable. The legislative judgment prevails. An ordinance must be construed as an *entirety.* The local legislative intention contained therein must be determined accordingly, and not from a *part* thereof. Judicial authority to declare an ordinance unreasonable is a power to be exercised cautiously. *Bellington v. Township of East Windsor,* 32 *N. J. Super.* 243, 244–253 (*App. Div.* 1954).

The *Bellington* case, *supra,* 32 *N. J. Super.* at *page* 249 thereof, citing an excerpt from 5 McQuillin, Municipal Corporations (*3d ed.*), *sec.* 18.27, *p.* 467, quotes the following:

"While the unreasonableness of an ordinance ultimately is a judicial question, it is fundamental that municipal corporations are in the first instance and *prima facie* the sole judges of the necessity and unreasonableness of their ordinances, * * * there is a presumption of the reasonableness of an ordinance, and this presumption must at all times direct the judicial mind; hence, * * * courts are reluctant to declare a municipal ordinance, relating to a

subject upon which the municipal council has statutory authority to legislate, invalid on the ground that it is unreasonable arbitrary or oppressive."

The ordinance here under review does not manifest any abuse of discretionary authority on the part of the municipal legislative body. The validity of the *entire* section of the ordinance here under consideration is sustained. There will be judgment in favor of the defendants and against the plaintiffs, without costs, either party as against the other. The order enjoining the defendants from proceeding to enforce the ordinance, as entered in this cause on July 7, 1954, is vacated and for nothing holden.

Submit order accordingly.