35 N.J. Super. 94 (1955)
113 A.2d 190
MARIE'S LAUNDERETTE, INC., A CORPORATION OF THE STATE OF NEW JERSEY, ET AL., PLAINTIFFS-APPELLANTS,
v.
CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 28, 1955.
Decided April 6, 1955.
*96 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Martin Kesselhaut argued the cause for appellants (Messrs. Gilhooly, Yauch & Fagan, attorneys; Mr. John H. Yauch, Jr., of counsel).
Mr. Vincent P. Torppey, Corporation Counsel of the City of Newark, argued the cause for respondents (Mr. Joseph A. Ward, of counsel).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiffs brought an action in lieu of prerogative writ seeking judgment that: (a) section 1, subparagraph 25 of the new zoning ordinance of Newark, adopted June 9, 1954 and effective July 1, 1954 (Revised Ordinances of Newark, c. 36, sec. 36.1, subsec. 25), defining "launderette" constitutes an arbitrary exercise of the zoning power and is ineffectual as a bar to plaintiffs' rights to effect pickup and delivery service in connection with their respective launderettes; and (b) the ordinance, as it defines "launderette" and prohibits pickup and delivery service, is unreasonable and discriminatory, and therefore void and of no force and effect. There was judgment for defendants. Marie's Launderette, Inc., v. City of Newark, 33 N.J. Super. 279 (Law Div. 1954). This court on January 19, 1955 enjoined defendants from enforcing the section in question insofar as it prohibits pickup and delivery service, pending determination of the appeal.
*97 Automatic Laundry Operators Association, one of the plaintiffs, is a corporation of the State of New Jersey, having its principal place of business in Newark. It has 24 members who are engaged in the automatic laundry business in various locations in Newark, many of whom conduct pickup and delivery service in connection with such business. The remaining plaintiffs were, both prior to July 1, 1954, the effective date of the ordinance, as well as subsequent thereto, engaged in the launderette business as the same is defined by the ordinance:
"25. Launderette. Also described as automatic wet wash business. An establishment only for the washing and drying of clothing brought in by the customer and in which such washing and drying is performed with the use of mechanical equipment, and for which a fee is charged. No pick-up or delivery by the management or others in connection therewith is permitted."
The places of business of four of these plaintiffs are located in the second and third business zones of Newark, and the fifth has his place of business in the fourth residential district of the city. Section 36.7, subsection 2 of the Revised Ordinances permits the ground floor of any building in a first business district to be used for hand laundries and launderettes. (A "hand laundry" is defined by sec. 36.1, subsec. 22 as an establishment where clothes are received for washing and ironing, and where the work is done by hand using no more than two washing and two ironing machines and no more than two horsepower in the aggregate, and "to and from which establishment the clothes are carried by the customer.") Section 36.8, subsection 2 of the Revised Ordinances permits a building in a second business district to be used for any purpose except those enumerated therein, among the latter being "laundry, other than hand laundries or launderettes." Thus, launderettes are a permitted use in second business districts. They are also allowed in third and fourth business districts and in all of the industrial districts (sec. 36.9, subsec. 2, and sec. 36.10, subsec. 2).
Section 36.22 of the Revised Ordinances prohibits the parking of commercial vehicles on any property, private road *98 or public street within the first, second and third residence districts, except that the parking of commercial vehicles "for such reasonable time as may be required in pickup or delivery service to such districts" is not prohibited. And section 36.23 sets out the requirements for off-street parking and loading berths in connection with new buildings and new additions to existing buildings.
Section 36.24 of the Revised Ordinances directs that if any article, section, paragraph, clause or provision of the zoning ordinance shall be adjudged invalid, such adjudication shall apply only to the article, section, paragraph, clause or provision so adjudged, and the rest of the ordinance shall remain valid and effective.
Plaintiffs inform us that their action is limited to setting aside the concluding sentence of the definition of "launderette," dealing with the prohibition of pickup and delivery.
The municipal power to zone derives from the Zoning Act, N.J.S.A. 40:55-30 et seq., enacted pursuant to Const. 1947, Art. IV, sec. VI, par. 2. N.J.S.A. 40:55-30 provides:
"Any municipality may by ordinance, limit and restrict to specified districts and may regulate therein, buildings and structures according to their construction, and the nature and extent of their use, and the nature and extent of the uses of land, * * *.
The authority conferred by this article shall include the right to regulate and restrict the height, number of stories, and sizes of buildings, and other structures, the percentage of lot that may be occupied, the sizes of yards, courts, and other open spaces, the density of population, and the location and use and extent of use of buildings and structures and land for trade, industry, residence, or other purposes."
Plaintiffs do not complain of the limitation of launderettes to business and industrial districts. Rather, their grievance is directed toward the prohibition of pickup or delivery service in connection with their businesses under the terms of the subsection defining "launderette." Whether a municipality may, in the exercise of the statutory zoning power, preclude or limit off-premises operations such as pickup and delivery service, presents an unusual question and one for *99 which we have found no precedent. We do not pass on the question because the prohibition of pickup and delivery service by launderettes must be declared invalid on other grounds. Nor need we consider whether such service rendered by any plaintiff prior to the adoption of the zoning ordinance, with its new definition of "launderette," was a non-conforming use saved from the operation of the local enactment. At least some of the launderette operators represented by the plaintiff association were not in the non-conforming use category when the regulation here under attack was adopted.
It is to be noted that the definition of "launderette" does not, expressly or impliedly, require that the washing and drying of clothing at a launderette be a self-service performed by the customers  a type of operation often encountered. The definition permits the sort of activity which plaintiffs carry on: one where employees handle the laundry after it is brought to the launderette, load it into the automatic washing machines, change the laundry from the washing machines to the extractor and then to the dryer, and eventually set it aside for redelivery to the customer. The individual plaintiffs and some of the association members represent (and it is not disputed) that they have, in addition, for some time past picked up and delivered such laundry for the customer's convenience, using a single small truck or a bicycle.
It is well settled in New Jersey that zoning restrictions upon real property must find their justification in some aspect of the police power exercised for the public welfare. The particular regulation must bear a substantial relation to the public health, safety, morals, comfort, convenience, or the general good and welfare in the proper sense; otherwise there would be an unwarranted intrusion on the basic right of private property. Brandon v. Board of Com'rs of Town of Montclair, 124 N.J.L. 135, 142 (Sup. Ct. 1940), affirmed 125 N.J.L. 367 (E. & A. 1940); Delawanna Iron & Metal Co. v. Albrecht, 9 N.J. 424, 429 (1952). The means employed in the exercise of the police power must have a rational relation to the protection of the basic interest of *100 society, and be free from arbitrariness, which is another way of saying that the regulation must have the virtue of reasonableness. Schmidt v. Board of Adjustment of City of Newark, 9 N.J. 405, 416 (1952); Collins v. Board of Adjustment of Margate City, 3 N.J. 200, 206 (1949); Delawanna Iron & Metal Co. v. Albrecht, above. We perceive no reasonable relation in the restriction against launderette pickup and delivery service to the public health, safety, comfort, convenience, or general welfare. One conceivable basis for the restriction is that a launderette's use of a small delivery truck or bicycle might pose a traffic problem. But, if anything, such service would reduce the volume of customer traffic to and from the launderette, whether on foot or in private automobiles. Clearly, the public comfort, convenience and welfare is better served by permitting launderettes to pick up and deliver laundry.
Two further observations might be made as to the possible justification for the prohibition of launderette pickup and delivery in relation to any possible traffic problem. In the first place, the parking of commercial vehicles on properties and streets is, under section 36.22 of the Revised Ordinances, prohibited only in residence districts, with the proviso that such vehicles may be parked for such reasonable time as may be required in pickup or delivery service to such districts. Parking of commercial vehicles is permitted in all business and industrial districts. Secondly, a review of the zoning ordinance reveals that in the case of only two of the many uses permitted in business districts (launderettes and hand laundries) is pickup and delivery service prohibited  expressly in the case of launderettes and by obvious implication in the case of hand laundries. This is a clear indication that the traffic problem was not the real reason for the limitation.
The argument advanced by the municipality for the prohibition against pickup and delivery service is that launderettes would thus remain small local business units, in keeping with neighborhood character. The fear expressed is that they may grow so large that they will approach the character *101 of a laundry because of the volume of wash handled. This does not justify the prohibition, even in the light of the constitutional directive that the provisions of any law concerning municipal corporations shall be liberally construed in their favor. Const. 1947, Art. IV, sec. VII, par. 11. There is not present here the problem usually encountered with commercial laundries, for a launderette does not have the heavy machinery, odors, smoke, activity and number of employees found in the operation of such a laundry. Plaintiffs represented at the oral argument, without contradiction, that Newark launderettes are operated by the owner, assisted by a member of the family, usually the wife, and in some cases one additional employee. The municipality might possibly achieve its claimed purpose by limiting the number of automatic washing machines used by a launderette, or their total horsepower, or the number of employees. Cf. Bassett on Zoning (1940), pp. 85 and 202. That the municipality appreciates this may be done, and indeed knows how to achieve that end, is demonstrated in the ordinance definition of a "hand laundry" referred to hereinabove where there is an express limitation of two washing and two ironing machines totalling no more than two horsepower in the aggregate.
We conclude, therefore, that there is no substantial or rational relation between the prohibition of launderette pickup and delivery service and the end the municipality seeks to achieve, or indeed between the prohibition and the basic interests of the community. In addition, we find the prohibition has the vice of being discriminatory.
N.J.S.A. 40:55-31 requires that zoning regulations "shall be uniform for each class or kind of buildings or other structures or uses of land throughout each district, * * *." Arbitrary discrimination in the purported exercise of the zoning power violates the essence of constitutional authority and the Zoning Act; it infringes the substance of due process and works a denial of the equal protection of the laws. Basic to use-zoning is that the use restriction be general and uniform in a particular district. Schmidt v. *102 Board of Adjustment of City of Newark, above (9 N.J., at pages 417-418).
Other stores and services permitted in business districts, such as bakeries selling at retail, household appliance repair shops, restaurants and food establishments, retail dyeing and cleaning establishments, drugstores, and retail stores generally, are not prohibited from pickup and delivery service. Such service is common and familiar to establishments serving immediate neighborhoods. Competition has made this practice almost universal. Indeed, in urban centers we find pickup and delivery service afforded by many kinds of businesses not only to the immediate neighborhoods but to those at some distance away. To subject the operator of a launderette to such a prohibition as the ordinance imposes, while exempting every other kind of retail and service operation except hand laundries, is clearly discriminatory. The prohibition therefore amounts to a denial of due process and the equal protection of the laws; it constitutes an arbitrary discrimination and an invasion of plaintiffs' constitutional rights. Cf. Speakman v. Mayor, etc., of North Plainfield, 8 N.J. 250 (1951); Crawford's Clothes, Inc., v. Board of Com'rs of City of Newark, 131 N.J.L. 97 (Sup. Ct. 1944); and see 8 McQuillin, Municipal Corporations (3d ed. 1950), § 25.123, pp. 203-204.
Accordingly, we hold the provision of section 36.1, subsection 25 of the Revised Ordinances, reading: "No pick-up or delivery by the management or others in connection therewith is permitted," invalid as arbitrary, unreasonable and discriminatory. It is not so intertwined with the main part of the section as to invalidate the whole.
Reversed.