## No. 18,162.

### PARKVIEW BAPTIST CHURCH *v.* CITY OF PUEBLO.

(336 P. [2d] 310)

Decided March 9, 1959.   Rehearing denied March 30, 1959.

Mr. CHARLES GINSBERG, Mr. FRED T. TANQUARY, for plaintiff in error.

Mr. GORDON D. HINDS, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE Parkview Baptist Church, hereinafter referred to as the church, brought an action in the district court of Pueblo county against the City of Pueblo and the members of the Board of Adjustment. The prayer of the complaint was that the city and the Board be enjoined from causing the removal of a neon church sign which had been erected on the premises of the church, and that the district court review the action of the Board in denying the church a permit for the creation and continuance of the sign.

The district court entered findings and judgment upholding the Board's denial of the permit, and further adjudged that, " * * * plaintiff shall remove the present existing sign from said premises within fifteen days from the date of this Order, or, in the alternative, within fifteen days, that a sign restricted to a maximum of twenty square feet; either affixed to or as close to the building as possible, and if lighted, shall have indirect lighting only, be relocated as provided by said 'general rule,' or by ordinance, and in accordance with the views herein expressed and that judgment be entered accordingly."

Facts pertinent to the question to be determined are as follows: The church property is located in an "A" residence zone in the city of Pueblo. Without applying for a permit and apparently without any thought con-

cerning the zoning laws, the church erected a neon sign somewhat in the form of a cross, upon the cross-arm of which appears the word "PARKVIEW," and beneath this, and reading downward upon the upright portion of the cross, appears the word "BAPTIST." The sign in total dimension is twenty-seven square feet in size. It is erected barely within the property lines of the church property at the corner thereof nearest the intersection. From the sign to the nearest part of the church building there is a distance of twenty-five feet. Three days following completion of the sign the contractor who erected it filed an application with the building inspector for a permit to erect the same. This application was refused and the church thereupon appealed to the Board and tendered the written consent of fifty-four per cent of the property owners within a distance of two hundred feet. The zoning ordinance requires that eighty per cent of the property owners in the affected area must consent to a variance before one could be granted.

The appeal of the church came before the Board on April 6, 1954. It seems that the Board had requested an opinion from the city attorney concerning applicability of zoning ordinances to the controversy. The minutes of the Board meeting for April 6, 1954, contain the following:

"Petition was presented by Parkview Baptist Church, 17th & Elizabeth for approval of neon sign in 'A' Residential zone.

"McCaffrey made a motion to allow petition if it concurred with ruling of City Attorney. Motion was seconded by Holloran. Motion carried unanimously."

Thereafter, on May 4, 1954, the following action, as disclosed by minutes of a meeting held at that time, was taken by the Board:

"In view of the opinion of the City Attorney dated April 29, 1954 (attached) and the action of this Board as of this date to deny application of the Parkview Bap-

·tist church. Sign should conform to ruling of Board on Church Signs.

"IT IS THE RULING OF THIS BOARD THAT CHURCH SIGNS IN RESIDENTIAL AREAS SHALL BE RESTRICTED TO AN AREA NOT TO EXCEED TWENTY SQUARE FEET; IF LIGHTED, IT SHALL HAVE INDIRECT LIGHTING AND PLACED AS CLOSE TO THE BUILDING AS POSSIBLE."

Among other grounds for reversal of the judgment counsel for the church argue: (1) That the Board has no legislative powers and could not lawfully adopt a rule placing restrictions on the use of signs identifying or advertising church premises; (2) that the municipal ordinance governing permissible uses in residence "A" zones "specifically excludes churches from the various restrictions applicable to residences in resident 'A' districts," and the Board rule, even if valid, could not be given a retroactive effect; and (3) that an identifying sign is incidental to church operation and there was no valid restriction upon the right of the church to use a sign of its own selection at the time the sign in question was erected.

Pertinent sections of the Pueblo zoning ordinance provide that a church may be built in a residence "A" zone and use of premises already in existence as a church is authorized. Churches are exempted from restrictions, as to size which are applicable to residences, and special provisions in this connection are applicable to "schools and churches." Section 9 of the zoning ordinance provides, inter alia:

"A use customarily incidental to a use permitted in a residence district shall be permitted when located on the same lot, including also home occupations * * *. No advertising sign of any character shall be permitted in a residence district except signs pertaining to the lease, sale, construction, or improvement of a lot or building on which placed, and not exceeding a total area of 12 square feet, and except further that on a lot occupied

by a dwelling a sign pertaining to the use thereof or bearing the name or occupation of an occupant shall be permitted, provided such sign shall be attached to the dwelling and shall not exceed one square foot in area."

In the opinion given by the city attorney to the Board he analyzed the facts as follows:

"The Parkview Baptist Church constructed a new church at 17th and Elizabeth Streets in a Residence 'A' District and installed a neon sign on its grounds without a permit from the City. The City thereafter refused a permit for same as being in violation of Ordinance No. 1292. Section 9 of said ordinance forbids an advertising sign of any character in a residence district except a sign on a dwelling not in excess of one square foot in area, bearing the name or occupation of the occupant. No provision whatever is made for a church sign. Section 3 of said ordinance permits a church in a Residence 'A' and other residential districts."

The city attorney included in his opinion to the Board the following statement:

"In the absence of an ordinance defining the type and size of a church sign in a residential district, this matter therefore becomes a question for the Board to determine, and its decision will be final, subject only to review by the Court as to whether the Board has abused its discretion."

Question to be Determined.

*Where a zoning ordinance permits the building of a church in a residence "A" district and makes no provision relative to the erection of an identifying sign; can a church be compelled to remove such a sign on the ground that after the erection thereof the zoning board adopted a "rule" with which the church sign did not conform?*

■ The question is answered in the negative. The following language taken from the opinion of this court in *Jones, et al. v. Board of Adjustment of the City and*

*County of Denver, et al.,* 119 Colo. 420, 204 P. (2d) 560, is pertinent to the case at bar:

"It is elementary that an owner of property has the right to put his property to any legitimate use, unless the contemplated use is prohibited by the legislative arm of government through a proper exercise of the police power. *People ex rel. v. Hedgcock,* 106 Colo. 300, 104 P. (2d) 607. Accordingly, in the case at bar, the petitioners had the right to use their property for the purpose indicated unless the zoning ordinance forbids such use."

If any restriction upon the use of the real estate owned by the church here is to be discovered it must be found within the language of section 9 of the Zoning Ordinance. The first sentence of this section provides that, "A use customarily incidental to a use permitted in a residence district shall be permitted when located on the same lot, * * *." This immediately raises the question of whether the use of a sign is "customarily incidental" to the operation of a church. We have no hesitancy in asserting that an identifying sign is "customarily incidental" to the use of church property. It is a matter of common knowledge that most churches maintain a sign in a conspicuous place on or near the church edifice for the purpose of identifying the denomination of the church and otherwise informing the public concerning the worship services conducted therein. The provision in section 9 which purports to prohibit an "advertising sign of any character" except those specifically mentioned, obviously relates exclusively to signs pertaining to residence properties and is not connected with, or related to, the operation of any of the permitted uses in a residence "A" zone other than property used as a one-family dwelling. It would be unreasonable to hold that a church, a school, a public library, a museum or other public building could not use an identifying sign upon its premises.

We are in agreement with the conclusion of the

city attorney in his advice to the Board, that the existing ordinance does not make provision for "the type and size of a church sign in a residential district." It is clear that the church has a right to display a sign upon its property, and it is equally clear that the legislative arm of the city had placed no restriction upon the right of the church to erect a sign of its own choosing. The Board of Adjustment is not a legislative body and has no power to adopt a rule creating restrictions upon the use of property when no such restrictions exist by ordinance. *Jones v. Board,* supra. See also *Casey v. People,* No. 18,822, decided this date. By express provision of the Zoning Ordinance use of the property as a church was authorized. From the work of Yokley on Zoning Law and Practice (2nd ed.), vol. 2, p. 142, section 248, we quote:

"One point is elemental, however, and should be emphasized. Whatever the district or zone may be, if a building located therein and its use are lawful, a sign advertising that is a proper accessory use and therefore permissible." See also *Ill. Life Ins. Co. v. City of Chicago,* 244 Ill. App. 185.

■ The trial court erroneously held that section 9 of the Zoning Ordinance prevented a free exercise of discretion on the part of the church with relation to erection of the sign in dispute. That court considered the application which the church made for a permit as an application for a variance from the terms of said section 9. It is true that, assuming that section 9 applied to church property, the Board could grant a variance for a nonconforming use and as a condition to the granting thereof could impose terms. Upon this basis the trial court entered its judgment. We hold, however, that the ordinance failed to restrict in any manner the right of the church to display a sign, and thus procedures intended to gain consent for a nonconforming use were ineffective for any purpose. The church erected the sign in question at a time when there was no valid regulation

on the subject, and no subsequently enacted ordinance of the city council could retroactively require the church to remove the sign in question. The relief sought by the church should have been granted.

The judgment is reversed.