No. 19,530.

CITY AND COUNTY OF DENVER, ET AL., *v.*
AMERICAN OIL COMPANY.
(374 P. [2d] 357)

Decided June 25, 1962.  Rehearing denied September 17, 1962.

Mr. Robert S. Wham, Mr. Earl T. Thrasher, Mr. Hans W. Johnson, for plaintiffs in error.

Messrs. Winner, Berge & Martin, Mr. Robert D. Inman, Mr. A. W. Krauss, for defendant in error.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

This writ of error concerns the validity of a zoning ordinance of the City and County of Denver. The action began as a declaratory judgment suit by Francis M. and Prudence M. Green, who later transferred title to the land in question to the American Oil Company, a Maryland Corporation. We shall refer to the parties as Denver and American.

American is now the owner of the northwest corner of South Federal Boulevard and West Jewell Avenue within Denver's corporate limits. The tract of land is rectangular in shape and extends 100 feet along Federal and 250 feet along Jewell. The Federal frontage and 125 feet of the Jewell frontage are involved in this controversy.

The immediate area surrounding this site is zoned as follows: The R-4 Zone extends almost three blocks to the north of this site; there is a residential R-1 Zone in the block immediately across Federal to the east; and there is a large R-1 Zone to the west and southwest except for a one block B-3 Zone directly south across Jewell. The two blocks north of the R-1 on the east of Federal are zoned R-4; however, the southeast corner of Jewell and Federal is in Arapahoe County and has a filling station on it. Other residential and commercial zones alternately appear beyond the immediate neighborhood.

In 1955 this land was zoned R-4 which includes such uses as churches, art museums, private clubs, hospitals, parks and play grounds, schools, single and multiple

dwellings, office buildings, dental and medical clinics, hotels, motels, tourist homes, rooming and boarding houses and mortuaries. In 1957 American's predecessor in title desiring to erect a gasoline filling station on the property sought to have it rezoned as a B-3 zone where such use would be lawful. The zoning authorities denied the request, suit was brought and the trial court reversed, holding that the ordinance as applied to this land was unconstitutional.

From the evidence and the findings of the trial court it appears that the value of the site as zoned R-4 is from $10,000.00 to $25,000.00 depending on the witness, and if rezoned for the new use it would have a value of $47,500.00.

The trial court determined that:

1. The character of the surrounding area is predominantly business and will become more so with the passage of time;

2. The corner in question is most appropriately suited for use as a filling station;

3. A filling station will not reduce the value of surrounding properties; and

4. No substantial objections were voiced by surrounding property owners.

The trial court entered its judgment on April 15, 1960, at which time it did not have the benefit of our decision in *Baum, et al., v. City and County of Denver*, 147 Colo. 104, 363 P. (2d) 688 (1961), which is controlling here.

In *Baum* the principles applicable to this type of constitutional attack were set out, and we need not reiterate all of them here. We point out, however, that classification or use of adjacent or nearby property is only one factor to be considered in determining the validity of a zoning ordinance. The fact that other land nearby may be zoned for business uses does not necessarily render restrictions to residential or other limited uses discriminatory as to property such as involved here. *Baum,* supra.

■ The fact that the land is worth more for a different use is not a sufficient ground to order rezoning. *Baum,* supra, and *Clark v. Boulder,* 146 Colo. 526, 362 P. (2d) 160 (1961).

■ The last two reasons given by the trial court, viz., value of adjoining property not affected and lack of protest, though having some weight as to whether rezoning should be granted where it is otherwise proper to do so, are insufficient as legal grounds for declaring a zoning ordinance unconstitutional at the instance of one who seeks a zone change.

■ In *Baum* the rule is laid down that a landowner must establish beyond a reasonable doubt that his property cannot be devoted to any reasonable, lawful use under such zoning ordinance before the courts can interfere with the discretion of zoning authorities in drawing zoning boundaries, or hold an ordinance to be unconstitutional as violative of due process. No such finding was made here nor on the facts presented could it be. We recently cited *Baum* with approval in *Frankel v. City and County of Denver,* 147 Colo. 373, 363 P. (2d) 1063 (1961) and in *Board of County Commissioners of Jefferson County v. Shaffer,* 149 Colo. 18, 367 P. (2d) 751 (1962).

Obviously, a filling station with its attendant noises, fumes, lights, traffic problems and day and night operation is a far different type of use than those permitted in the R-4 Zone here. In addition, the storage and use of highly inflammable gasoline and oils alone can justify zoning authorities in distinguishing this type of use from those permitted in the R-4 Zone. Thus there clearly is no constitutional reason, for example, why filling stations must be classified the same as schools and hospitals.

The judgment is reversed.

MR. JUSTICE HALL and MR. JUSTICE FRANTZ dissent.

Mr. Justice Moore adds the following:

Solely on the ground of stare decisis I concur in the opinion of Mr. Justice Sutton. The instant case falls within the broad coverage of *Frankel v. City and County of Denver,* 147 Colo. 373, 363 P. (2d) 1063, and *Baum v. City and County of Denver, et al.,* 147 Colo. 104, 363 P. (2d) 688. Notwithstanding my individual opinion that these cases were incorrectly decided, the issue has been closed and I yield to the views of the majority.

Mr. Justice Frantz dissenting:

Zoning laws are justified only when they are enacted as a proper exercise of the police power. When such justification is absent, they become vulnerable to attack. *Parkview Church v. Pueblo,* 139 Colo. 98, 336 P. (2d) 310. To be a valid exercise of the police power, zoning laws must subserve to some substantial degree the public health, safety, morals or general welfare. *Jones v. Board,* 119 Colo. 420, 204 P. (2d) 560. Here is the touchstone of validity — that the zoning regulations have a tendency to promote the public health, safety, morals or general welfare.

An attempt to exercise police power arbitrarily is pseudo police power. As such it has no efficiency, and must fail when properly challenged. Hence, arbitrary and whimsical zoning action is hostile to, rather than in pursuance of, the police power, and should come to nothing when tested by a proper suit.

Classifications contrived in a zoning law, but having no reasonable relation to the public health, safety, morals or general welfare, are deemed arbitrary and cannot be sustained. *Marie's Launderette v. City of Newark,* 35 N. J. Super. 94, 113 A. (2d) 190; *Rawlins v. Braswell,* 191 Tenn. 285, 231 S.W. (2d) 1021.

May the City designate an area as a zone wherein a number of innocuous, inoffensive businesses may be conducted, and exclude other innocuous, inoffensive

businesses from operation therein? Under the guise of zoning, may the City, for instance, create a zone in which ten businesses of a non-injurious character may be conducted, and add to this enumeration or subtract from it as it pleases, and find justification in such action under the police power? It seems to me that both questions should be answered in the negative. Either action would represent capricious and arbitrary conduct; it would be classification without a basis.

In the instant case the area involved permits a number of business uses, all of which are harmless to the surrounding areas. To exclude another inoffensive business without some reasonable basis is arbitrary. Hence, I would affirm the judgment of the trial court.