No. 23731.

EAST SIDE BAPTIST CHURCH OF DENVER, INC. *v.* DAVID E. KLEIN, MARY KLEIN, THE CITY AND COUNTY OF DENVER, A MUNICIPAL CORPORATION OF THE STATE OF COLORADO, A. H. JANSEN AS ZONING ADMINISTRATOR OF THE CITY AND COUNTY OF DENVER, THOMAS W. BEAN, LELAND S. HUTTNER, GUNNER MYKLAND, MICHAEL POMPONIO, AND JOHN N. ZIMMERMAN AS INDIVIDUALS AND AS JOINTLY CONSTITUTING AND BEING THE BOARD OF ADJUSTMENT IN AND FOR THE CITY AND COUNTY OF DENVER, STATE OF COLORADO.

(487 P.2d 549)

Decided June 21, 1971.     Rehearing denied August 9, 1971.

Ronald L. Staskiewicz, Fred W. Vondy, Anthony L. Worth, for plaintiff in error.

Max P. Zall, Earl T. Thrasher, Robert M. Kelly, for defendants in error.

Saunders, Dickson, Snyder & Ross, P. C., Wayne J. Fowler for defendants in error David E. Klein and Mary Klein.

*En Banc.*

Mr. Justice Groves delivered the opinion of the Court.

■ The East Side Baptist Church of Denver, Inc., called the Church, has its sanctuary in an R-1 (residence) district in Denver. Denver's zoning administrator ordered the Church to cease and desist the off-street parking of two buses in violation of the zoning ordinance. After hearing on appeal, the board of adjustment found that the Church could park its buses on its property without violation of the ordinance. Two residents of the neighborhood sought review in the district court under R.C.P. Colo. 106, asking for an injunction against the parking of the buses. The court granted the requested relief, and writ of error was sued out here. There is no issue as to the authority of the court to issue the injunction, and the question presented is whether the findings and ruling of the board of adjustment can be sustained. We have concluded that they cannot and we affirm the trial court.

The zoning ordinance prohibits the off-street parking in an R-1 district of vehicles exceeding a manufacturer's capacity rating of ¾ ton. The board of adjustment made the following finding:

"The Board concludes after full investigation of the facts submitted and considering the evidence, that the use of the buses is clearly incidential [sic] and customary to and commonly associated with the operation of the Use

By Right, in this case, the church. Therefore, it is an accessary [sic] use permitted under Section 612.2-3 (3) Revised Municipal Code."

The cited section of the code provides that a permitted accessory use is one incidental only to a "Use by Right" and that it must comply with a number of conditions, including one that it is "clearly incidental and customary to and commonly associated with the operation of the Use by Right."

The board of adjustment and the trial court considered whether the use of buses by a church is incidental, customary to, and commonly associated with, a church's activities. This, of course, is a fundamental question, but the problem goes further. Once it is established that church *use* of buses is "clearly incidental and customary to and commonly associated with" the church operations, it must be further demonstrated that the permanent *parking* of buses on the Church property is also clearly incidental and customary to and commonly associated with church functions.

There was no testimony supporting a finding that generally the use and parking of buses is clearly incidental, customary to and commonly associated with church operations. Rather, the pastor of the Church merely testified as to the use that it made of the buses. His testimony disclosed that the Church had used the buses for the previous six months only; that the buses are used to transport persons to and from church services, to and from athletic events, and for all types of youth activities; and that it is not easy to find a location to park buses, other than on the Church property. He further testified that the Church does not operate a day school.

During the hearing, one of the members of the board of adjustment made the following observation, which is the only thing in the record which even remotely might bear on the necessity for general church busing: "Years ago, the church used to come and remain and people would move around it. Now people move many miles

away from churches but they like their children to attend."

The record is devoid of any evidence that churches in this community, or anywhere, customarily use buses in connection with their church and youth activities.

The ordinance provides that the board of adjustment may take judicial notice of facts to the same extent and in the same manner as courts of record. It is urged that the board of adjustment could and did take judicial notice of the fact that use of buses is clearly incidental, customary to and commonly associated with church operations. *Parkview Church v. Pueblo,* 139 Colo. 98, 336 P.2d 310 (1959), *is urged upon us as authority for taking such* notice. In that case it was stated that it is a matter of common knowledge that most churches maintain a sign in a conspicuous place on or near the church edifice for the purpose of identifying the denomination of the church and otherwise informing the public concerning the worship services conducted therein.

■ That a tribunal can take judicial notice that churches commonly have such signs is a vastly different proposition than taking judicial notice of the operation of buses. We are of the opinion that it is not common knowledge that this is a common use and, therefore, judicial notice cannot be taken of this asserted use. We must hold, therefore, that the finding by the board of adjustment that the use of buses is clearly incidental and customary to and commonly associated with church operations was not supported by any evidence and could not be made by judicial notice. The board made no finding that the *parking* of buses meets the conditional requirement of the ordinance and, if it had, such a finding would have been utterly unsupported by any evidence.

■ The Church presents the argument that application of this ordinance to it is violative of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, citing *Board of Zoning Appeals v. Decatur, Ind., Co. of Jehovaha's Wit-*

*nesses,* 233 Ind. 83, 117 N.E.2d 115 (1954), and 70 Harv. L. Rev. 1436. Both of these authorities stand for the proposition that churches are subject to reasonable zoning regulations and that regulations become unconstitutional when they are unreasonably applied. *See Rogers v. Mayor and Alderman of Atlanta,* 110 Ga. App. 114, 137 S.E.2d 668 (1964); and *Allendale Congregation of Jehovaha's Witnesses v. Grosman,* 30 N.J. 273, 152 A.2d 569 (1959); and Annot. 74 A.L.R.2d 377. We cannot say that application of the ordinance to the church is unreasonable.

We need not address ourselves to the trial court's finding that the notice of the hearing before the board of adjustment was fatally defective.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE dissenting.