Chief Judge Desmond.
Neighboring property owners brought this declaratory judgment suit against the Town of Islip in Suffolk County and against its Town Board and the owners of the involved property to have declared unconstitutional and void a 1954 zoning change (from Residence A to Business) of defendants Housler’s corner lot in Islip, irregular in shape and about 210 feet on Bay Shore Road and 230 feet on Udall’s Road. The complaint charged that the amendment was not in conformity with a comprehensive plan, that it was passed arbitrarily after a contrary recommendation by the Town Planning *257 Board, that it arbitrarily singled out this one tract for business zoning, and that it was illegal as “contract zoning” because the Town Board’s consent to the change of zone was subject to the condition that defendants owners Housler agree to the following:
‘ ‘ 1. The building shall not total more than 25% of the area.
“ 2. An anchor post fence, or equal, six feet high, is to be erected five feet within the boundary line of the property.
‘‘ 3. Live Shrubbery, 3 feet high either within or outside of the fence is to be planted, and allowed to grow to the height of the fence and after that, to be maintained at the height of the fence.
‘1 4. The above must be performed or put in operation before carrying on any retail business on the property.”
The trial was before an Official Referee who at the request of counsel inspected the properties of plaintiffs and defendants. He found for plaintiffs. He described the neighborhood as residential in use and zoning except for a substantial business zone on Bay Shore Road, one block east of the Housler property. He wrote that there were a number of unoccupied stores in that nearby business section, that there was not shown any need for rezoning the Housler lot for business, that the change was illegal “ spot zoning ”, and that the imposition by the Town Board of conditions was illegal “ contract zoning ”.
Defendants appealed to the Appellate Division which by a divided vote reversed on the law and facts and gave judgment declaring the amendment to be. valid. The majority pointed out that this was a statutory change by the town’s legislative body, that the Referee’s finding of no public need or com venience was contrary to the evidence and that in any event the Town Board’s legislative finding was conclusive since supported by a factual basis, that the evidence showed the Housler parcel to be located on a main traffic artery, that community growth pressures forcing zoning changes negatived the idea that the Town Board’s action was arbitrary or without reason, and that there was nothing illegal about the Town Board’s subjecting the new district to uses more restricted than customarily permitted in a business district. The court took notice of the recent enormous population increases in *258 Nassau and Suffolk Counties and of the consequent multiplication of practical problems presented to local legislative bodies by a deluge of applications for zoning district changes which are prompted by the necessities of such growth”. Continuing, the Appellate Division said that ‘ It is understandable that in the public interest and in the interest of practical expediency the practice of granting* zoning changes and conditioning their uses by means of privately imposed restrictive covenants has seemingly become widespread [citing cases]. ” The majority denied that “ such practice is contrary to the spirit of zoning ordinances ” or “ beyond the statutory powers of local legislative bodies ”.
The dissent, citing sections 262-265 of the Town Law, said that changes in zones by the Town Board could be made only according to a comprehensive plan, whereas this change was subject to special conditions imposed on this property only. The Presiding Justice thought this to be illegal and that it amounted to zoning by contract. He thought, further, that the owners had not complied with the conditions and that they are unenforeible anyhow since they were either invalidly agreed to in consideration of the zoning change or were not supported by any consideration. In this connection, see the reply, brief where plaintiffs expressly concede that the owners Housler have complied with the conditions by recording an appropriate agreement.
We start with the proposition that this zoning being a legislative act (not a variance) is entitled to the strongest possible presumption of validity and must stand if there was any factual basis therefor (Shepard v. Village of Skaneateles, 300 N. Y. 115; Wiggins v. Town of Somers, 4 N Y 2d 215). The Town Board’s action in this instance was unanimous. Appellants do not seem to question the Appellate Division’s fact findings. It is undisputed that Bay Shore Road has become a busy arterial highway with a traffic light at this corner and that the very Town Planning Board which recommended against this zoning change recommended a shopping area (now established) only 600 feet from this parcel on Bay Shore Road. On the issue of arbi: trariness, there was reliable testimony that all of Bay Shore Road would be eventually zoned for business and that this trend *259 could not be stopped, that the subject property is more desirable for business use than for residential, and that there was nothing-arbitrary, preferential or discriminatory about the Town Board action, unanimously voted after hearing and deliberation.
Appellants’ arguments all revolve about the idea that this is illegal as “contract zoning” because the Town Board, as a condition for rezoning, required the owners to execute and record restrictive covenants as to maximum area to be occupied by buildings and as to a fence and shrubbery. Surely these conditions were intended to be and are for the benefit of the neighbors. Since the Town Board could have, presumably, zoned this Bay Shore Road corner for business without any restrictions, we fail to see how reasonable conditions invalidate the legislation. Since the owners have accepted them, there is no one in a position to contest them. Exactly what ‘ ‘ contract zoning ” means is unclear and there is really no New York law on the subject. All legislation “by contract” is invalid in the sense that a Legislature cannot bargain away or sell its powers. But we deal here with actualities, not phrases. To meet increasing needs of Suffolk County’s own population explosion, and at the same time to make as gradual and as little of an annoyance as possible the change from residence to business on the main highways, the Town Board imposes conditions. There is nothing unconstitutional about it. Incidentally, the record does not show any agreement in the sense that the owners made an offer accepted by the board.
The judgment should be affirmed, without costs.