No. 19,531.

LAWRENCE B. CLARK, ET AL. *v.* CITY OF BOULDER, ET AL.
(362 P. [2d] 160)

Decided May 22, 1961. Rehearing denied June 12, 1961.

Messrs. ROEPNACK, McCURDY, ORAHOOD AND MALOY, for plaintiffs in error.

Mr. GUY A. HOLLENBECK, for defendants in error The City of Boulder, Leonard A. Jones, Director of Finance and Record, and Ex-Officio City Clerk, and Clayton H. Meyring, City Building Inspector.

Messrs. HUTCHINSON & HUTCHINSON, for defendants in error intervenors.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

THIS writ of error is directed to a judgment of the trial court dismissing a declaratory judgment action challenging the validity of a zoning ordinance of the City of Boulder. The parties will be referred to as they appeared in the trial court, where plaintiffs in error were plaintiffs and defendants in error were defendants.

Plaintiffs' complaint attacks the validity of Ordinance No. 2193, enacted by the City Council of Boulder on

January 13, 1959, alleging that the ordinance results in "spot zoning"; is illegal, arbitrary and contrary to the recommendations of the City Planning Board; and asks for a declaratory judgment declaring said ordinance void and for an order restraining the Building Inspector from issuing a building permit for the erection of improvements on the property subject to the ordinance—namely, Lots 7, 8 and 9, Block 3, Interurban Park Addition to the City of Boulder. It is alleged that plaintiffs are property owners either adjacent to or in the immediate vicinity of the property involved.

A temporary restraining order was issued on February 2, 1959, and thereafter the owners of the three lots were permitted to intervene.

Both the intervenors and defendants by answer admitted that the plaintiffs were owners of property adjacent to or in the immediate vicinity of the subject lots, and intervenors admitted that they had made application for a building permit for business construction. Defendant City of Boulder admitted that the ordinance was not published at least ten days before its final passage and this fact was stipulated by the parties prior to trial.

A supplemental complaint was filed by plaintiffs, alleging that following institution of the action the City Council of Boulder enacted Ordinance No. 2258 ordering a referendum on Ordinance No. 2193, the rezoning ordinance; that a referendum election had not been held, and that the ordinance was therefore void. Intervenors and defendants admitted that the referendum had been ordered and the election had not been held, but denied that adoption of the referendum ordinance suspended operation of Ordinance No. 2193.

Trial was to the court on March 8, 1960. At the close of plaintiffs' evidence defendants and intervenors moved to dismiss for failure to state a claim. This motion was granted and the complaint dismissed.

Plaintiffs' principal grounds for reversal are: (1) that the ordinance constitutes spot zoning and is void; and

(2) that the ordinance is invalid under the Charter of the City of Boulder.

Viewing the evidence in the light most favorable to the plaintiffs, as we must do under the circumstances, the record reveals the following:

The area in which the property involved is located was zoned Residence 1 under a comprehensive plan and ordinance adopted in 1954. Under that plan an area to the east of the tract in dispute and immediately across the street, was zoned for business and was developed as a shopping center in which various retail outlets, including a filling station, were erected.

Intervenors, petroleum products distributors and operators of filling stations, acquired an option to purchase these lots during 1954. This ripened into purchase in June 1955. In January 1955 application was made for a change to business zoning which was denied. Seven months later, in February 1956, this was again applied for and was again denied, but the land was then re-zoned to Residence 2. Two years later, in January 1958, these lots along with some others were re-zoned Residence 3. In November 1958 intervenors applied for the commercial zone change now in dispute. The latter application was made without any showing of change in conditions affecting these lots except that the area had been developing under the comprehensive plan. On January 13, 1959, Ordinance No. 2193 was introduced, read, adopted and passed, re-zoning the three lots from Residential 3 to Business 1. This change was made in opposition to the recommendations of the Planning Board.

Since the adoption of the comprehensive zoning plan the area generally, except for the aforesaid planned shopping center, a variance or two and public or governmental buildings, has been developed for single family houses and other uses permitted in residential districts.

In the instant case there is no indication that the zoning change was intended to further the comprehensive general plan. Rather, it has all the earmarks of a special

act enabling the intervenors to build a filling station on property previously zoned as residential.

In *Freeman v. Yonkers* (1954), 205 Misc. 947, 129 N.Y.S. (2d) 703, an area in a residential neighborhood was re-zoned to permit construction of a filling station. There the court noted that the particular zoning change was sought and granted solely for the purpose of permitting the landowners to establish the station, and stated that the fact that the use of the lot for any of the purposes authorized in a residential district might be impractical did not justify a re-zoning.

Defendants next contend that the change of zoning here is not spot zoning but constitutes an extension of adjacent zoning to the subject property. In *Miller v. Town Planning Commission of Manchester* (1955), 142 Conn. 265, 113 A. (2d) 504, the court pointed out that although the action of the Commission was an extension of an already existing business zone, the change had all the vices of spot zoning, in that it singled out a small area for special treatment in a manner which did not further the comprehensive plan.

In *Leahy v. Inspector of Bldgs.* (1941), 308 Mass. 128, 31 N.E. (2d) 436, the court said in relation to a spot zoning ordinance:

"A city council is empowered to amend a zoning ordinance, if the character and use of a district or the surrounding territory have become so changed since the original ordinance was enacted that the public health, morals, safety and welfare would be promoted if a change were made in the boundaries or in the regulations prescribed for certain districts; but mere economic gain to the owner of a comparatively small area is not a sufficient cause to involve an exercise of this amending power for the benefit of such owner."

And in *Esso Standard Oil Co. v. Westfield* (1954), 33 N.J. Super. 324, 110 A. (2d) 148, it was stated:

"If the change requested here were to be granted, there would be created a commercial island for the eco-

nomic benefit of the owner, and this would not be in furtherance of a comprehensive zoning scheme calculated to achieve the statutory objectives. The tenor of the neighborhood cannot be disturbed by wrenching a small lot from its surroundings and giving it a new rating not germane to an object within the police power."

 The principles of these cases are applicable here. In determining whether spot zoning is involved, the test is whether the change in question was made with the purpose of furthering a comprehensive zoning plan or designed merely to relieve a particular property from the restrictions of the zoning regulations. See Chief Justice Vanderbilt's opinion in *Borough of Cresskill v. Borough of Dumont* (1954), 15 N.J. 238, 104 A. (2d) 441.

 The statute (C.R.S. '53, 139-60-3) authorizing cities and towns to adopt zoning ordinances, provides that zoning regulations "shall be made in accordance with a comprehensive plan" to promote the specified statutory purposes. These include to "lessen congestion in the streets; secure safety from fire, panic, and other dangers; * * * prevent the overcrowding of land; (and) avoid undue concentration of population." Under the facts of this case it cannot be said that re-zoning part of a planned residential area to permit a filling station is other than an arbitrary act and a proper exercise of the police power. It clearly fails to take into account the need for reasonable stability in zoning regulations. *Holly, Inc. v. Commissioners* (1959), 140 Colo. 95, 342 P. (2d) 1032. That the property may not be used as profitably for residential purposes as for commercial use, furnishes no justification for special treatment thereof. *Hoskinson v. Arvada* (1957), 136 Colo. 450, 319 P. (2d) 1090.

One of the difficulties with intervenors' position is that it fails to recognize that unless a zoning line is drawn somewhere there can be no zoning at all.

 Property owners have the right to rely on existing zoning regulations when there has been no material

change in the character of the neighborhood which may require re-zoning in the public interest. See *Holly, Inc. v. Commissioners,* supra, and *Borough of Cresskill v. Borough of Dumont,* supra. In addition, the development and growth of a comprehensively zoned area in accordance with the uses permitted under the plan, does not permit emasculation of such plan under the guise of "changed conditions" as defendants here contend. Also several previous attempts have been made here to secure commercial re-zoning without success. On this record no changes recognized in law as sufficient to override the prior refusals have been presented. As we said in *Holly,* supra:

"This record discloses that there had been a denial of a proposed re-zoning of the area in question sometime prior to the current action. It fails to show that at the time in question there were changed conditions in the area that would require or permit a change such as that requested."

We conclude that the ordinance under review does not promote any of the statutory purposes under which zoning ordinances are enacted, and violates the previously adopted comprehensive plan. On the basis of this record it cannot be upheld.

It is our conclusion that plaintiffs have sustained the burden of factually establishing that the zoning reclassification of the subject property was arbitrary and was not a proper exercise of the police power; and that defendants failed to take into consideration the need for reasonable stability in zoning regulations. See *Holly, Inc. v. Commissioners,* supra.

The judgment is reversed with directions to enter judgment in favor of plaintiffs.

Mr. Justice Moore concurs in the result.