No. 23241.

EUGENE H. NIRK AND JULIE NIRK *v*. THE CITY OF
COLORADO SPRINGS.
(483 P.2d 371)

Decided April 12, 1971.

Donald E. LaMora, for plaintiffs in error.
F. T. Henry, for defendant in error.

*En Banc.*

Mr. Justice Erickson delivered the opinion of the Court.

This writ of error arises out of a judgment of the District Court which dismissed the Nirks' writ of certiorari and upheld a decision of the City Council of Colorado Springs denying the Nirks' petition to rezone their property.

The appellants, Eugene H. Nirk and Julie Nirk, are the owners of unimproved real property which is described as the southeast corner of Union Boulevard and Palmer Park Boulevard in the City of Colorado Springs. They purchased the property in 1955, shortly after it had been annexed by the City and zoned R-2. (Residential zone permitting one-family dwellings and religious institutions.) In 1966, the appellants filed a petition requesting that their property be rezoned C-5. (An intermediate business zone permitting three-story buildings.) As part of their application for C-5 zoning, the appellants submitted a plot plan for the development of the property, which provided for the construction of a service station and eight retail stores and agency offices one-story in height.

The appellants contend that the City's denial of the requested zoning and, consequently, their development plan, is unreasonable and confiscatory, since the prop-

erty is not reasonably adapted to any other use. They allege that the principal basis for the denial of rezoning is the high traffic count at this particular site, and that traffic problems should be borne by the City at large, rather than by individual property owners.

If the appellants are to prevail, they must establish beyond a reasonable doubt that their land is not suitable for single-family residences. *Baum v. City and County of Denver*, 147 Colo. 104, 363 P.2d 688 (1961); *accord, City and County of Denver v. American Oil Company*, 150 Colo. 341, 374 P.2d 357 (1962); *Frankel v. City and County of Denver*, 147 Colo. 373, 363 P.2d 1063 (1961). The appellants rely solely upon their own testimony and the testimony of Donald Willman, an appraiser. Mrs. Nirk testified that she and her husband received several offers to develop the property for commercial purposes, but that no one had offered to purchase the property for residential purposes. The Nirks also stated that the property was totally unsuited for residential use, because of the lack of available parking, high traffic count, and the proximity of other commercial enterprises. Mr. Willman testified that, in his opinion, the highest and best use, consistent with proper zoning, was the commercial development proposed by the Nirks. He also stated that the development of a small planned business center at this location would not adversely affect the value of the surrounding property.

The trial court found that the testimony offered by the appellants was insufficient to prove that the property in question was unsuitable for residential use beyond a reasonable doubt. The record supports the trial court's finding. The appellants have presented no evidence to show that they were precluded from the realization of any reasonable use or income from the property. They did not contend that the property could not be sold for residential uses or that they had attempted to sell it for such purposes without success. No evidence was submitted showing that it was impossible to obtain financing

for single-family residences, or that the property could not be used or developed for single-family residences. Indeed, it is undisputed that single-family residences exist to the south and west of the property, and that immediately adjacent to the property on the east there are excellent single-family dwellings.

The testimony of Mr. Willman does not prove that the property is unsuitable for residential uses. What Mr. Willman's testimony does suggest is that the Nirks' property would be more valuable for business uses than for single-family residential use. This Court has disposed of similar contentions in numerous cases. We have uniformly held that a zoning ordinance is not unconstitutional because it prohibits a landowner from using or developing his property in the most profitable manner. *Frankel v. City and County of Denver, supra; Baum v. City and County of Denver, supra; Hoskinson v. City of Arvada,* 136 Colo. 450, 319 P.2d 1090 (1957); *City of Colorado Springs v. Miller,* 95 Colo. 337, 36 P.2d 161 (1934); *Colby v. Board of Adjustment of Denver,* 81 Colo. 344, 255 P. 443 (1927).

In support of the argument that it was unreasonable for the City to deny the request for rezoning because of traffic problems, the appellants place particular reliance upon the cases of *City and County of Denver v. Denver Buick,* 141 Colo. 121, 347 P.2d 919 (1959), and *Tillitson v. City of Urbana,* 29 Ill. 2d 22, 193 N.E.2d 1 (1963). Contrary to the cases cited, in which traffic was a cardinal factor, the evidence in the instant case shows that it was very important to the area residents that commercial zoning not be allowed beyond the north side of Palmer Park Boulevard. Several of the protestants stated that they had purchased their houses on the premise that commercial zoning would not spread southward to encroach on their homes, and that they believed a change in zoning would be detrimental to their property.

Such a factual setting has no relationship whatsoever to the situation in the *Denver Buick* case. in which the

property in question had been zoned for commercial use for more than fifty years. In the *Denver Buick* case, the issue was whether the property owner could be required to provide off-street parking for business patrons while the business properties in adjoining districts were not simi.arly burdened.

Likewise, a review of the *Tillitson* case discloses significant factual differences. In *Tillitson,* the petitioner's property was virtually surrounded by commercial development, and the few remaining residential units had long since ceased being used as family dwellings. No claims were made that the requested zoning would be injurious to the surrounding properties or that the public welfare or safety would be endangered.

This Court, in the cases of *Holly, Inc. v. Commissioners,* 140 Colo. 95, 342 P.2d 1032 (1959), and *Clark v. City of Boulder,* 146 Colo. 526, 362 P.2d 160 (1961), clearly established that the factual situation in the instant case dictates a result contrary to that reached in the *Denver Buick* and *Tillitson* cases. In the *Holly* and the *Clark* cases, we took cognizance of the need for reasonable stability in zoning regulations. In the *Clark* case, as here, several previous attempts had been made to secure commercial rezoning without success, and we found no changed conditions in the area which required or permitted the change requested. We stated in the Clark case that, "[p]roperty owners have the right to rely on existing zoning regulations when there has been no material change in the character of the neighborhood which may require re-zoning in the public interest." Appellants contend that significant changes have occurred to the north of their property, but "[o]ne of the difficulties with [their] position is that it fails to recognize that unless a zoning line is drawn somewhere there can be no zoning at all." *Clark v. City of Boulder, supra.*

In addition to all the other reasons for upholding the trial court's decision, we find that this is a case of self-inflicted hardship. At the time the appellants pur-

chased the property, it was zoned for residential uses. Without deciding whether self-inflicted hardship is in and of itself an absolute bar to the appellants' request, it is at the very least a highly significant factor and weighs heavily against the owner who seeks a change in zoning. *Cf., Levy v. Board of Adjustment of Arapahoe County,* 149 Colo. 493, 369 P.2d 991 (1962).

Judgment affirmed.