CITY OF COLORADO SPRINGS, a municipal corporation of the State of Colorado and The City Council of the City of Colorado Springs, Petitioner,

v.

Billy H. SMARTT, Respondent.

No. 79SC38.

Supreme Court of Colorado,
En Banc.

Dec. 22, 1980.

As Modified on Denial of Rehearing
Jan. 12, 1981.

Gordon D. Hinds, City Atty., James G. Colvin, II, Asst. City Atty., Colorado Springs, for petitioner.

George Alan Holley & Associates, Scott D. Albertson, Golden, for respondent.

HODGES, Chief Justice.

We granted certiorari to review the opinion of the Colorado Court of Appeals in *Wood Bros. Homes, Inc. v. City of Colorado Springs*, 42 Colo.App. 15, 592 P.2d 1336 (1978), which pertains to a home rule city's zoning authority. The City of Colorado Springs (the City) in its petition for certiorari challenged the court of appeals holding that the Colorado Springs City Council abused its discretion and exceeded its authority in imposing an access limitation as a condition for rezoning. We reject this holding and therefore reverse the judgment of the court of appeals.

A motion was granted by this court to substitute Billy H. Smartt as respondent in place of Wood Bros. Homes, Inc. Mr. Smartt now owns the parcel of land involved and desires to continue as party respondent in this case. Wood Bros. Homes,

Inc. as the landowner and applicant for rezoning before the city council, as the plaintiff and appellant in the district court and court of appeals, and as the initial respondent in this court, will be referred to as "the landowner" which term will also include Mr. Smartt where appropriate.

In 1976, the landowner applied to the City for a change in the zoning classification of an 11.086 acre parcel of land which it owned and planned to develop. The property is located at the northwest corner of the intersection of Union Boulevard and Austin Bluffs Parkway. At the time of the rezoning application, both those roads were uncompleted, six–lane, limited access, arterial roads. To the north and west, the property is bounded by Cragwood Drive, which is designated by the City as a collector street. The requested change was from Garden Homes Zone (A–1) to Multi–Family Residential Zone (R–5) with a conditional use for office buildings. With the application for rezoning, the landowner sought a variance from the zoning requirement[1] that a dimensionalized plot plan be filed with the city prior to the grant of a conditional use.

In September 1977, after a hearing, the City Planning Commission considered and denied the application for rezoning and the accompanying request for a variance. The record shows that the City Planning Department had recommended to the Commission that it deny the requests. The primary reason for the recommendation of denial was that, absent the dimensionalized plot plan showing the intended use of the property, an accurate evaluation of the impact of the proposed development on the traffic flow and the surrounding area could not be made. It is also clear from the record that access to the property was another consideration and that only Cragwood Drive would provide access.

The landowner appealed to the City Council and after a hearing, it reversed the Planning Commission's denial by adopting Ordinance No. 78–7 which rezoned the property as the landowner had requested from A–1 to R–5 with a conditional use for an office park. Included in the ordinance was a condition that the only access to the property would be from Cragwood Drive.

The landowner then filed a complaint in district court pursuant to C.R.C.P. 106(a)(4) seeking a declaration that the condition was invalid. It alleged that the City Council had exceeded its jurisdiction and abused its discretion when it limited access to the property. The district court found that the evidence in the record regarding air and noise pollution, traffic flow and safety needs supported the City Council's decision to prohibit access to the property from Union Boulevard and Austin Bluffs Parkway. The district court, relying on *Kings Mill Homeowners Association v. Westminster*, 192 Colo. 305, 557 P.2d 1186 (1978), dismissed this action.

The landowner appealed to the court of appeals. That court acknowledged that *Kings Mill* recognized the right of a municipality to impose reasonable conditions upon a rezoning but it stated its view that the condition in the instant case was distinguishable from the condition in *Kings Mill*. The court of appeals reasoned that the City's authority to zone extended only to specifying the uses to which particular property may be put, but its authority did not extend to specifying the manner of access to the property. It held that the authority to determine the manner of access to property was properly exercisable only during the platting and subdivision process, not during the zoning process. Concluding that the City Council had abused its discretion by limiting access as a condition to rezoning the property, the court of appeals reversed the judgment of the district court.

The issue presented to us in the petition for certiorari is whether our opinion in *Kings Mill, supra,* is unduly restricted by the court of appeals' holding that the City Council lacked authority to impose as a condition of rezoning a limitation on access to the subject property. In broader terms, the issue before us is whether the inclusion

---

1. Section 14–8–1.1, Zoning Ordinance, Code of City of Colorado Springs, 1968, as amended.

of an access limitation condition in the zoning ordinance involved here is within the scope of the City Council's zoning jurisdiction. The holding of the court of appeals is consistent with the landowner's argument that the City Council abused its discretion by imposing such a condition in the zoning ordinance and that an access limitation with regard to this parcel of land may be accomplished only during the subdivision and platting process. Having examined the Colorado Springs City Code and the history of this rezoning action, we conclude that the condition may be properly imposed during either of the processes, and therefore, the City Council's action was not an invalid exercise of authority.

■ There is no dispute that Colorado Springs is a home rule city. As such, its zoning policies and authority are governed by its own charter and ordinances. *Colo. Const.* Art. XX, Sec. 6; *Service Oil Co. v. Rhodus,* 179 Colo. 335, 500 P.2d 807 (1972). Consequently, we look to the City's charter and ordinances to identify the extent of the zoning and rezoning authority vested in its City Council.

The purposes of the City's zoning ordinances are set out in section 14–2 of the Code of the City of Colorado Springs. Some of the enumerated purposes are: "to lessen congestion in the streets," "to facilitate the adequate provision of transportation," and "in general to promote health, safety and general welfare." Section 14–81.1 of the City's Code recognizes the occasional need for allowing special, or conditional, uses of land which differ from the principal permitted uses in a particular zone. The section authorizes the City Council to grant a conditional use and to effectuate amendment of the zoning map accordingly. These two ordinance sections empower the City Council to rezone a parcel of property and to do so subject to conditions to facilitate transportation.

A review of the record shows that at the September 8, 1977 hearing, the Planning Commission heard testimony regarding the potential for increased traffic congestion on the major roads if access were allowed from other than Cragwood Drive. The record also reveals that, at the January 10, 1978 hearing on this matter, the City Council received evidence of the expressed need to maintain Austin Bluffs Parkway as a limited access arterial thoroughfare. Furthermore, the transcript of this hearing shows that in reaching the decision to prohibit access to the property from Austin Bluffs Parkway, the City Council did not foreclose the possibility of lifting the condition at a future date.

■ We conclude that the City Council based its rezoning decision upon competent evidence and that the action was made in furtherance of a legitimate zoning objective, *viz.,* lessening traffic congestion and facilitating transportation. This being so, the City Council's decision cannot be said to be an abuse of its discretion. *Corper v. City and County of Denver,* 191 Colo. 252, 552 P.2d 13 (1976).

■ In *Kings Mill, supra,* we held as a valid exercise of a city's police power the imposition of reasonable conditions on a rezoning action. There the condition imposed by the Westminster City Council was that the rezoned property be developed as a regional shopping center. The landowner argues that this court held that condition valid only because it dealt solely with the use of the property, but that the condition imposed here is unrelated to the use of the property, and, therefore, is not a proper exercise of the zoning authority. We do not share that assessment. Limiting the place of access to a piece of property is closely intertwined with the activity on and the use made of the property. The authority to regulate the latter is not separable from the authority to regulate the former. As long as the condition of limitation on access is reasonable, as it is here, the City Council's imposition of that condition during its rezoning of the property is a lawful exercise of its zoning power. *See Lindsey v. City of Fayetteville,* 256 Ark. 352, 507 S.W.2d 101 (1974), and *Sun Oil Co. v. Zoning Board of Adjustment of Pittsburgh,* 403 Pa. 409, 169 A.2d 294 (1961).

■ The landowner also contends that the power of the City to limit access to property is properly exercised only during the platting and subdivision process. The landowner points out that the zoning ordinances of the City in Chapter 14 of the City Code, do not explicitly mention the City's authority to control or regulate access to property, while the subdivision regulations in Chapter 13 of the City Code do treat the subject. The landowner overlooks, however, the fact that the stated purpose of the zoning ordinance is to allow zoning in order to facilitate the traffic flow and transportation and rezoning as "good zoning practice justifies." Sections 14–2 and 14–80, The Code of the City of Colorado Springs. If regulation of access to property is necessary to achieve such a purpose, and if the condition is reasonable and supported by the record before the City Council, as it was here, the imposition of the condition is a legitimate exercise of the City Council's authority.

There is no doubt that Chapter 13 of the City's Code, the Subdivision Regulations, also provides for control and regulation of access to property during the platting and subdivision process. And, generally, as was said in *Shoptaugh v. Board of County Commissioners*, 37 Colo.App. 39, 543 P.2d 524 (1976), the zoning and subdivision processes serve different purposes. However, while it is certainly appropriate to consider and determine access to property during the subdivision process, we conclude that it is not the exclusive process available.

We note that the City Council's imposition here of access conditions during the rezoning process does not relieve a landowner from engaging in the subdivision and platting process where determinations as to exact access to the property would be made. Neither does it preclude a later change in any access conditions imposed during a rezoning process.

■ The landowner's final argument in support of its contention that the City Council exceeded its jurisdiction is that it failed to give notice to the landowner that access would be an issue in the rezoning consideration. To answer this argument, we refer again to the fact that the landowner simultaneously sought to have granted its rezoning request and to be excused from submitting the required plot plan which would show the proposed access. It is inconsistent for the landowner to complain now that the City Council failed to give notice of its consideration of access. The landowner sought to be excused from its responsibility to submit a dimensionalized plot plan showing the proposed access. Without such plans, the city zoning authorities were unable to evaluate fully the requests of the landowner and the impact of such requests upon the surrounding area. Furthermore, the record before us is replete with evidence that all parties involved here were well aware that access to the property was a real issue in the rezoning consideration.

Contrary to the landowner's contention, the instant situation is unlike that in *McArthur v. Zabka*, 177 Colo. 337, 494 P.2d 89 (1972). In *McArthur*, the city council failed to follow proper procedure as set out in the zoning ordinances and thereby deprived the property owner of a right to make a desired use of the property. In contrast, the record here reveals that the City Council accommodated the landowner in its application for rezoning and, by restricting access at the same time, properly pursued the legitimate zoning goal of facilitating traffic flow.

We reverse the judgment of the court of appeals and direct it to affirm the district court's judgment.