■ In the Matter of CHARISMA HOLDING CORP., Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF LEWISBORO et al., Appellants. [699 NYS2d 89] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Lewisboro dated April 27, 1998, which, after a hearing, *inter alia,* denied the petitioner's request for an area variance to construct a body shop on a site on the northern end of the property, the appeal is from a judgment of the Supreme Court, Westchester County (Smith, J.), entered July 29, 1998, which granted the petition and directed that the area variance be granted as requested.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed.

The petitioner Charisma Holding Corp. (hereinafter Charisma) is the owner of commercially-zoned real property in the respondent Town of Lewisboro. The property is the site of an automobile dealership and is abutted to the north and east by residentially-zoned property. In January 1988 Charisma petitioned the respondent Zoning Board of Appeals of the Town of Lewisboro (hereinafter ZBA) for various relief, including an area variance to build a 3,000 square-foot six-bay garage. One bay was to be used for washing vehicles, another for spray-painting vehicles, and the remaining four for repairs and service. Although such a garage is a permitted use of the property under the relevant zoning regulations, an area variance was needed because it would bring the developed area of the property to 69% of the total area, and the relevant regulations permit development of no more than 60%. The petitioner proposed to locate the garage on the northern end of its property. During the review process, which included three public meetings and two visits to the property, residential neighbors to the north and east voiced various objections to the location of the proposed garage. One property owner in particular noted that the proposed location would place it within 100 feet of her kitchen window and would result, *inter alia,* in exhaust and paint fumes, and additional noise and traffic.

Based on such concerns, the ZBA considered two alternative sites for the garage. After various inquiries, the ZBA noted a preference for what they designated as site No. 3 (hereinafter the middle lot), which they determined would create significantly less impact on the surrounding residential properties.

The petitioner, asserting various additional costs and concerns in building the garage on that site, pressed its preference for the site originally proposed. By determination dated April 27, 1998, the ZBA denied the petitioner's request for an area variance for the site as proposed. The ZBA found that a grant of the area variance as requested would result in a substantial undesirable change in the character of the residential neighborhood to the north, that there would be a substantial detriment to the nearby properties, and that there was an alternative site. The ZBA found that the benefit to the petitioner if the area variance was granted as requested was outweighed by the detriment to the health, safety, and welfare of the neighborhood community (*see,* Town Law § 267-b [3]). However, the ZBA granted an area variance to the petitioner based on locating the garage on the middle lot, finding no similar concerns. In the judgment appealed from, the Supreme Court directed the ZBA to grant the requested area variance as proposed by the petitioner. The court held that because the garage was a permitted use of the property and otherwise conformed with all relevant zoning restrictions, the sole issue properly before the ZBA was the development of 69% as opposed to 60% of the total lot area. Thus, the court held, the ZBA's denial of the variance as requested was based on a matter not relevant to its considerations, that is, the proposed use of the additional area. Accordingly, the court determined that because the ZBA implicitly found that the use of the additional area should be permitted, the variance should have been granted as requested. We reverse.

Judicial review of the denial of the area variance is limited to whether the determination was illegal, arbitrary, or an abuse of discretion (*see, Matter of Baker v Brownlie,* 248 AD2d 527). If the determination is supported by substantial evidence and has a rational basis, it will not be disturbed (*see, Matter of Baker v Brownlie, supra*). Here, review of the record reveals that the ZBA properly considered and weighed the relevant statutory criteria, and that its determination was supported by substantial evidence and had a rational basis (*see,* Town Law § 267-b [3]; *Matter of Apostolic Holiness Church v Zoning Bd. of Appeals,* 220 AD2d 740). We disagree with the Supreme Court that the relevant statutory balancing test can be properly applied without consideration of the proposed use. Accordingly, the respondents' denial of the area variance as requested is confirmed.

The petitioner, characterizing the determination of the ZBA as a grant of the requested area variance with a condition that

the garage be built on an alternative site, argues that the ZBA usurped the role of the Planning Board by considering the location of the garage. The petitioner argues that the authority to consider the placement of buildings is vested solely with the Planning Board pursuant to its authority to approve a site plan, which includes consideration of "parking, means of access, screening, signs, landscaping, architectural features, *location and dimensions of buildings*, adjacent land uses and physical features meant to protect adjacent land uses" (Town Law § 274-a [2] [emphasis supplied]). However, even accepting the petitioner's characterization of the ZBA's determination as correct, the determination may nonetheless be upheld. In granting use and area variances, the ZBA is expressly authorized to impose "such reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property" that are "consistent with the spirit and intent of the zoning ordinance or local law" and that shall minimize "any adverse impact such variance may have on the neighborhood or community" (Town Law § 267-b [4]). The petitioner has not cited, and research does not reveal, any case law which holds that there may be no overlap between matters that might be properly considered by a Planning Board on review of a site plan and conditions that might be properly imposed by a zoning board in granting an area variance. Rather, the conclusion to be drawn from the case law is to the contrary. The Court of Appeals has held that conditions imposed by a zoning board in granting a variance or special permit "might properly relate 'to fences, safety devices, landscaping, screening and access roads relating to period of use, screening, outdoor lighting and noises, and enclosure of buildings and relating to emission of odors, dust, smoke, refuse matter, vibration noise and other factors incidental to comfort, peace, enjoyment, health or safety of the surrounding area' " (*Matter of St. Onge v Donovan,* 71 NY2d 507, 516, quoting *Matter of Pearson v Shoemaker,* 25 Misc 2d 591, 592). Further, the Court of Appeals has held that the rezoning of property for commercial uses had been properly conditioned on the requirement that the owners thereof "execute and record restrictive covenants relating to the maximum area to be occupied by buildings, the erection of a fence, and the planting of shrubbery" (*Matter of St. Onge v Donovan, supra,* at 516, citing *Church v Town of Islip,* 8 NY2d 254, 259). Such conditions both implicitly and expressly overlap with considerations relevant to review of a site plan (*see,* Town Law § 274-a [2]; *see, e.g., Matter of Perlman v Board of Appeals,* 173 AD2d 832 [variance for fence properly granted on conditions that portion of fence be located five feet from property line and

that certain specified green plantings be maintained]; *Matter of Proskin v Donovan,* 150 AD2d 937 [use variance granted on condition there be no change to exterior design or appearance of building]; *Nardone v Zoning Bd. of Appeals,* 144 AD2d 807 [variances granted on condition, *inter alia,* that petitioner remove shed on property and return area to green space]). Accordingly, here, the ZBA did not exceed its authority in considering the location of the petitioner's proposed garage in rendering a determination on the requested area variance. S. Miller, J. P., Ritter, Florio and H. Miller, JJ., concur.