■ In the Matter of B & B TAX SERVICE, INC., Appellant, v RICHARD I. SCHEYER et al., Respondents. [768 NYS2d 355]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip dated July 31, 2001, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Molia, J.), entered October 28, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 1972 the petitioner purchased a parcel of real property in the County of Suffolk and sought permission from the Town Board of the Town of Islip (hereinafter the Town Board) to change the zone of the premises to accommodate "outdoor storage and display of camping equipment." In 1974 the Town Board adopted the application subject to the filing of a restrictive covenant which provided, inter alia, "[a]pplicant-owner agrees to restrict the use of this property to outdoor storage and display of camping equipment." In 1989 the Town Board rezoned the subject property to a "General Service D" district.

The outdoor storage of house trailers is not permitted on property zoned General Service D (see Islip Town Code § 68-198.1). The petitioner subsequently filed an application for an area variance seeking, inter alia, to "continue a legal nonconforming use for the outdoor storage of trailers and other mobile homes." The Zoning Board of Appeals of the Town of Islip (hereinafter the ZBA) denied the petitioner's application based on its finding that mobile homes were not considered camping equipment, and the petitioner failed to establish a nonconforming use pursuant to the Islip Town Code (see Islip Town Code § 68-14, 68-15).

Contrary to the petitioner's assertions on appeal, the ZBA's determination had a rational basis and was supported by substantial evidence (see Matter of Fuhst v Foley, 45 NY2d 441 [1978]; Matter of Charisma Holding Corp. v Zoning Bd. of Appeals of Town of Lewisboro, 266 AD2d 540, 541 [1999]).

The petitioner's remaining contentions are without merit. Santucci, J.P., McGinity, Schmidt and Adams, JJ., concur.