In the Matter of WILLIAM A. MALLINS, Appellant, v BRIAN X. FOLEY et al., Respondents. [903 NYS2d 492]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Brookhaven dated November 20, 2007, which, after a hearing, denied the petitioner/plaintiff's application to repeal a declaration of covenants and restrictions pertaining to a parcel of real property, and action, in effect, for a judgment declaring that the petitioner/plaintiff's civil rights as guaranteed by 42 USC § 1983 were violated, the petitioner/plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Farneti, J.), entered July 29, 2009, which denied the petition, in effect, dismissed the proceeding and, in effect, declared that the petitioner/plaintiff's civil rights as guaranteed by 42 USC § 1983 were not violated.

Ordered that the judgment is affirmed, with costs.

In 2001 the petitioner/plaintiff, one of the owners of an undeveloped parcel of property located in the Town of Brookhaven, applied to the Town Board of the Town of Brookhaven (hereinafter the Board) to rezone the property from A-1 Residential zoning to L-1 Industrial zoning. The property is located in a largely residential area of the town. The Board granted the application and imposed, with the petitioner/plaintiff's consent, a series of restrictive covenants requiring the property owner to maintain buffers on three sides of the property.

More than three years later, the petitioner/plaintiff applied to the Board to have the restrictive covenants repealed, arguing that changed circumstances rendered the buffers unnecessary, and that the buffer requirements unduly burdened the property.

As relevant here, the Board ultimately denied the application by resolution, dated November 20, 2007.

Judicial review under CPLR article 78 of the determination at issue here is limited to whether it was illegal, arbitrary, capricious, or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Gebbie v Mammina*, 13 NY3d 728, 729 [2009]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612-613 [2004]; *Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1146-1147 [2009]). The challenged determination must be upheld if it has a rational basis and is not arbitrary or capricious (*see Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d at 1146-1147).

Here, the Board granted the petitioner/plaintiff's earlier application to rezone the subject property and, with the petitioner/plaintiff's consent, conditioned the rezoning on his execution of a declaration of covenants imposing the buffers he now wants removed. A local municipality may impose reasonable conditions on a rezoned property in order to minimize an adverse impact on the neighborhood or community in the interests of public safety, welfare, and convenience (*see Matter of St. Onge v Donovan*, 71 NY2d 507, 516 [1988]; *Collard v Incorporated Vil. of Flower Hill*, 52 NY2d 594, 602-603 [1981]; *Church v Town of Islip*, 8 NY2d 254, 258 [1960]; *Matter of Charisma Holding Corp. v Zoning Bd. of Appeals of Town of Lewisboro*, 266 AD2d 540, 542 [1999]). In this case, the Board's determination denying the petitioner/plaintiff's application to repeal the declaration of covenants was within its authority, and, on the record presented, rational, and not arbitrary and capricious.

The petitioner/plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court acted properly in denying the petition and, in effect, dismissing the cause of action for relief pursuant to CPLR article 78. In addition, the Supreme Court properly, in effect, declared that the petitioner/plaintiff's civil rights as guaranteed by 42 USC § 1983 were not violated. Fisher, J.P., Santucci, Miller and Lott, JJ., concur.