Matter of 7-Eleven, Inc. v Town of Oyster Bay (2026 NY Slip Op 01348)

Matter of 7-Eleven, Inc. v Town of Oyster Bay

2026 NY Slip Op 01348

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-09437
 (Index No. 614741/23)

[*1]In the Matter of 7-Eleven, Inc., et al., appellants,
vTown of Oyster Bay, et al., respondents.

Forchelli Deegan Terrana LLP, Uniondale, NY (Richard A. Blumberg of counsel), for appellants.
Rosenberg Calica Birney Liebman & Ross LLP, Garden City, NY (Edward M. Ross and Judah Serfaty of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay dated June 27, 2023, which, after a hearing, denied the petitioners' application for a special use permit, for site plan approval, and to modify covenants and restrictions pertaining to a parcel of real property, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Lisa A. Cairo, J.), entered June 19, 2024. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner Sunnyside Corner, LLC, is the owner of a parcel of real property located at the intersection of Sunnyside Boulevard and Executive Drive in the Town of Oyster Bay. The petitioner 7-Eleven, Inc., operates a convenience store located across the street from the property and holds a leasehold interest in the property. In April 2021, the petitioners submitted an application to the Town Board of the Town of Oyster Bay (hereinafter the Town Board) for a special use permit to construct a gas station and convenience store on the property, for site plan approval, and to modify certain covenants and restrictions pertaining to the property. The Town Board had imposed the covenants and restrictions as conditions of a 1982 special use permit issued to a prior owner of the property. The covenants and restrictions required the owner, inter alia, to strictly comply with local laws and to contain noises within the boundaries of the property. After a public hearing, in a determination dated June 27, 2023, the Town Board denied the application. The petitioners thereafter commenced this proceeding pursuant to CPLR article 78 to review the determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
"Judicial review under CPLR article 78 of the determination at issue here is limited to whether it was illegal, arbitrary, capricious, or an abuse of discretion" (Matter of Mallins v Foley, 74 AD3d 1070, 1071; see CPLR 7803[3]; Matter of QuickChek Corp. v Town of Islip, 166 AD3d 982, 983). "In applying the arbitrary and capricious standard, a court inquires whether the determination under review had a rational basis. Under this standard, a determination should not be disturbed unless the record shows that the agency's action was arbitrary, unreasonable, irrational or indicative of bad faith" (Matter of Kabro Assoc., LLC v Town of Islip Zoning Bd. of Appeals, 95 [*2]AD3d 1118, 1119 [internal quotation marks omitted]; see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770).
Here, the Town Board conditioned the 1982 special use permit on the recording of covenants and restrictions that were "directly related to and incidental to the proposed use of the property, and aimed at minimizing the adverse impact to an area that might result from the grant of a variance or special permit" (Matter of St. Onge v Donovan, 71 NY2d 507, 516 [internal quotation marks omitted]; see Matter of Mallins v Foley, 74 AD3d at 1071; Cohalan v Lechtrecker, 84 AD2d 775, 776, affd 56 NY2d 861). The Town Board's determination to decline to modify the covenants and restrictions in the petitioners' favor was within its authority and not arbitrary and capricious (see Matter of Mallins v Foley, 74 AD3d at 1071).
"'Unlike a variance[,] which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right'" (Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town of Hempstead, 200 AD3d 682, 684, quoting Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 195). As a result, "the burden of proof on an applicant seeking a special permit is lighter than that required for a hardship variance" (Matter of QuickChek Corp. v Town of Islip, 166 AD3d at 983; see Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d 783, 784-785), and "a special use permit generally will be granted if the applicant satisfies all of the conditions in the zoning ordinance" (Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro, 192 AD3d 805, 807; see Matter of Juda Constr., Ltd. v Spencer, 21 AD3d 898, 900). "The denial of a special exception permit must be supported by evidence in the record and may not be based solely upon community objection" (Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town of Hempstead, 200 AD3d at 684; see Matter of Green 2009, Inc. v Weiss, 114 AD3d 788, 789). Where a town board's determination is supported by record evidence, "deference must be given to the discretion of the board, and a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (Matter of 790 Holdings Corp. v Board of Appeals of the Town of Hempstead, 237 AD3d 924, 926 [internal quotation marks omitted]; see Matter of FCFC Realty LLC v Weiss, 192 AD3d 683, 686-687).
Here, the Town Board rationally denied so much of the petitioners' application as sought a special use permit because the proposed project would, among other things, transgress the covenants and restrictions. Specifically, the Code of the Town of Oyster Bay enumerates the streets upon which landowners can situate 24-hour gas stations (see Code of Town of Oyster Bay § 246-5.5.17.6). Since neither Sunnyside Boulevard nor Executive Drive are among the permitted streets, the project would not strictly comply with local law. Moreover, the Town Board rationally determined that the petitioners would have difficulty confining noises to the property in light of their intent to create a 24-hour gas station with parking spaces for large trucks. Contrary to the petitioners' contention, the Town Board's determination was supported by the testimony of their witnesses and their submissions rather than generalized community opposition. Accordingly, the determination denying so much of the petitioners' application as sought a special use permit will not be disturbed (see Matter of FCFC Realty LLC v Weiss, 192 AD3d at 687-688; Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d at 785-786).
The petitioners' contention that the covenants and restrictions are not applicable to their application was improperly presented for the first time in this proceeding (see Matter of Margulies v Town of Ramapo, 226 AD3d 783, 785-786; Matter of Bray v Town of Yorktown Zoning Bd. of Appeals, 151 AD3d 720, 721).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court